UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 11-11118-RGS

DAMON NEACH

v.

REVERE POLICE DEPARTMENT

<u>MEMORANDUM AND ORDER</u>

June 23, 2011

STEARNS, D.J.

On June 20, 2011, Damon Neach, now confined to the Middlesex Jail in Cambridge, submitted for filing his self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 accompanied by a request to proceed in forma pauperis.  The petition names the Revere Police Department as respondent and references the following case number from the Chelsea District Court: 1014CR001397.   Neach states that "he is exhausting his grounds" and that he "did not know [he] could "file a direct appeal."

Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court is required to examine a petition, and if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition."   Rule 4; <u>see</u> <u>also</u> <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); <u>Mahoney v. Vondergritt</u>, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).  Similarly, under 28 U.S.C. § 2243, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted."  28 U.S.C. § 2243; <u>see</u> <u>also</u> <u>Marmol v. Dubois</u>, 855 F. Supp. 444, 446 (D. Mass. 1994).

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 will not be granted unless the applicant has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim in Massachusetts, a habeas petitioner must present the substance of the claim to the state's highest tribunal, the Supreme Judicial Court. Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir.2007). The petitioner must give the state courts "a fair opportunity" to consider his claim. Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir.1988). That requirement applies to the facts and federal legal theories underlying each claim. Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir.2003).

Upon screening Petitioner's petition under Rule 4 and 28 U.S.C. § 2243, the Court concludes that Petitioner has not alleged any basis on which the Court could issue a writ of habeas corpus. There is nothing whatsoever in the petition from which this Court could reasonably infer the presentation of any cognizable habeas claim. The petition indicates that Neach is in the process of exhausting his state remedies. Because he has not exhausted the remedies available in the state courts, his petition is subject to dismissal.

Although Neach seeks to proceed with this case without payment of the $5.00 filing fee, he failed to submit  "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 cases. Because this action is subject to dismissal sua sponte, see above, the Court need not resolve the filing fee issue presented at this time.

ORDER

ACCORDINGLY, for the reasons stated above, it is hereby Ordered the petition for

a writ of habeas corpus is denied without prejudice and without assessment of the filing fee.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE